IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SELMA R. HULSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-4192-CV-C-DW-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Selma Hulsey seeks judicial review of the denial of her request for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate. 42 U.S.C. § 405(g). After examining the parties' arguments and the administrative record, the Court affirms the Commissioner's decision.

I.  Standard of Review

On review, the district court determines whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind might find it adequate to support the conclusion. Id. The Court does not "reweigh the evidence or review the factual record *de novo*." Naber v. Shalala, 22 F.3d 186, 188 (8th Cir. 1994). Thus, when two inconsistent conclusions are supported by substantial evidence and one of those conclusions represents the Commissioner's findings, the Court must affirm the decision. See Stormo, 221 F.3d at 805.

II. Discussion

Plaintiff suffers from degenerative disc disease of the lumbar spine and scoliosis secondary to that condition. The Administrative Law Judge ("ALJ")[1] found her condition to be severe, but that it did not meet or equal a listing under Appendix 1, Part 404, Subpart P. The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform work with a lifting limitation of 50 pounds and has no other exertional or nonexertional limitations. The ALJ concluded that she was able to perform her past work as a clerk for a dry cleaning store and that she is not under a disability as defined in the Social Security Act and Regulations.

Plaintiff argues that the ALJ erred by 1) failing to sufficiently describe Plaintiff's residual functional capacity and past relevant work, 2) failing to properly consider the impact of her treatment options, and 3) affording undue weight to Plaintiff's activities of daily living.

As an initial matter, the Court finds that the ALJ's opinion reflects an application of the appropriate legal standards and a careful consideration of all the relevant evidence contained in the record including the medical evidence and Plaintiff's subjective allegations.

As to Plaintiff's first argument, the Court finds no error in the ALJ's consideration of Plaintiff's RFC and past relevant work. The ALJ carefully considered the medical evidence and Plaintiff's subjective description of her symptoms. The medical evidence shows that Plaintiff suffers from degenerative scoliosis, however the examination notes of Drs. Piper, Backer, and Merenda substantially support the ALJ's conclusion that this condition is not disabling.

Although Plaintiff alleges disabling pain and limitations, the ALJ applied the relevant legal standards in evaluating Plaintiff's credibility and is properly discounted subjective

---

[1] The Honorable James E. Sieler

allegations inconsistent with the evidence on the record as a whole. The ALJ noted multiple inconsistencies between Plaintiff's allegations of significant limitations and the evidence in the record as a whole.

In addressing Plaintiff's relevant past work, the ALJ relied on the advice of a vocational consultant as to the primary duties of a clerk at a dry cleaning store. The vocational consultant derived these duties from Plaintiff's own description and by comparison with a compatible listing from the Dictionary of Occupational Titles. The vocational consultant described the duties as light work and within her RFC. The Court finds the ALJ's determination with regard to her RFC and past relevant work is supported by substantial evidence on the record as a whole.

Plaintiff's second argument asserts that the ALJ improperly concluded that Plaintiff did not seek regular and sustained treatment for her condition. Plaintiff argues that the medical sources differed as to the prescribed course of treatment and that back surgery was unlikely to improve her condition. Plaintiff further argues that the ALJ failed to make a necessary determination of whether treatment would sufficiently improve her back condition.

The Court agrees that failure to follow a prescribed treatment mode with a speculative expectation of medical improvement is neither a valid reason for disallowing benefits nor for discrediting a claimant's testimony. See Weakley v. Heckler, 795 F.2d 64, 66 (10th Cir. 1986). However, the ALJ did not focus on Plaintiff's failure to undergo surgery as indicative of an absence of a disabling condition, but rather her failure to return for a prescribed followup to monitor her status as advised by Dr. Merenda. The ALJ noted that Dr. Merenda's examination revealed scoliosis, but found intact neurological functioning, negative straight-leg raising test, full muscle strength, and a normal hip exam. Dr. Merenda opined that her scoliosis was not likely
3

to worsen, but that followup in 12 months was advisable to monitor her condition. Plaintiff did not return to Mr. Merenda within 12 months as advised, nor is there evidence of any medical treatment since her examination by Dr. Merenda in July 2004. The Court finds no error in the ALJ's determination that the lack of regular and sustained professional medical care indicates that Plaintiff's impairments are not disabling.

Plaintiff's final argument—that the ALJ afforded undue weight to Plaintiff's activities of daily living during his credibility analysis—also fails. In his decision, the ALJ specifically states that "[a]lthough minimal activities do not show an ability to engage in substantial gainful activity on a day-to-day basis, the claimant's daily activities may be considered as part of an overall assessment of credibility." (Tr. 16.) After review of the ALJ's opinion and the entire record, the Court is convinced that in evaluating Plaintiff's credibility he reviewed and properly weighed all the relevant evidence in the record, including the evidence related to her daily activities.

III. Conclusion

After careful examination of the parties' briefs and the complete record, the Court AFFIRMS the ALJ's decision finding that it is supported by substantial evidence on the record as a whole.

IT IS SO ORDERED.


Date:   March 23, 2007                                              /s/ DEAN WHIPPLE
                                                                       Dean Whipple
                                                               United States District Court